1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHELLE AGUILERA & ELI              No. 2:15-cv-2313-JAM-KJN PS
     AGUILERA,
12
                Plaintiffs,
13                                        ORDER
          v.
14
     DAVID ROSENBERG & UNIFUND
15   CCR, LLC,

16              Defendants.

17

18        Presently pending before the court is defendant Unifund CCR, LLC's motion to dismiss

19   plaintiffs Michelle Aguilera and Eli Aguilera's[1] original complaint.  (ECF No. 8.)[2]  Plaintiffs have

20   opposed the motion, and defendant Unifund filed a reply brief.  (ECF Nos. 16, 18.)  For the

21   reasons discussed below, the court GRANTS the motion, but with leave to amend.[3]

22

23   [1] Based on their use of colons and other representative terminology throughout the complaint,
     plaintiffs appear to be adherents of the Sovereign Citizens movement and refer to themselves as
24   "michelle: [House of Aguilera]" and "eli: [House of Aguilera]."  (See ECF No. 1.)  The court
     respectfully declines to use such fictional names, and refers to plaintiffs Michelle Aguilera and
25   Eli Aguilera as "plaintiffs" throughout this order.

26   [2] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

27
     [3] On December 29, 2015, the motion was submitted without oral argument pursuant to Local Rule
28   230(g).  (ECF No. 17.)

                                              1

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the well-pled factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071.  The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In this case, plaintiffs' complaint is rambling, confusing, and largely incomprehensible.  As best the court can tell, plaintiffs allege that defendants have improperly garnished a portion of plaintiff Michelle Aguilera's wages, which purportedly amounts to various constitutional violations and other legal wrongs, but there are no intelligible factual allegations pled in support of plaintiffs' vague and conclusory claims.  Indeed, a large portion of the complaint consists of a

2

1   collection of definitions of various legal terms, some with doubtful relevance to the case.  Beyond

2   conclusory assertions, plaintiffs have not alleged facts that allow the court to draw the reasonable

3   inference that the defendants are liable for any misconduct.  Moreover, plaintiffs have not

4   identified precisely what legal claims they are asserting.

5        Because plaintiffs' original complaint fails to comply with the above-mentioned Federal

6   Rules of Civil Procedure and applicable law, it is subject to dismissal.  Defendant Unifund

7   requests dismissal with prejudice, arguing that the nature of plaintiffs' complaint and other filings

8   suggests that it is unlikely that plaintiffs could cure the original complaint and state cognizable

9   claims.  Nevertheless, in light of plaintiffs' *pro se* status, the court finds it appropriate to provide

10  plaintiffs, who have now received notice of the complaint's deficiencies, an opportunity to

11  amend.

12       If plaintiffs elect to file an amended complaint, it shall be captioned "First Amended

13  Complaint" and shall comply with the Federal Rules of Civil Procedure and applicable law

14  outlined above.

15       Plaintiffs are informed that the court cannot refer to a prior complaint or filing in order to

16  make any first amended complaint complete.  Local Rule 220 requires that an amended complaint

17  be complete in itself without reference to any prior pleading or filing.  As a general rule, an

18  amended complaint supersedes the original complaint, and once the amended complaint is filed,

19  the original complaint no longer serves any function in the case.

20       Importantly, nothing in this order requires plaintiffs to file an amended complaint.  If

21  plaintiffs determine that they are unable to amend their complaint in compliance with the court's

22  order or no longer wish to pursue the action in this court, plaintiffs may alternatively file a notice

23  of voluntary dismissal of their claims without prejudice pursuant to Federal Rule of Civil

24  Procedure 41(a)(1)(A)(i).

25       If plaintiffs elect to proceed with this action in federal court, they are strongly encouraged

26  to familiarize themselves with the Federal Rules of Civil Procedure and this court's Local Rules.[4]

27

28  ---
    [4] A copy of the court's Local Rules can be obtained from the Clerk of Court or on the court's
    website.

3

Although the court is sympathetic to the difficulties faced by *pro se* litigants in litigating their cases in federal court, and liberally construes their pleadings and filings, *pro se* litigants are expected to comply with all deadlines, procedural rules, and court orders.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1.   Defendant Unifund's motion to dismiss (ECF No. 8) is granted.

2.   Plaintiffs' original complaint is dismissed, but with leave to amend.

3.   Within 28 days of this order, plaintiffs shall file either (i) a first amended complaint in compliance with this order or (ii) a notice of voluntary dismissal of the action without prejudice.

4.   Failure to file either a compliant first amended complaint or a notice of voluntary dismissal by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  January 13, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4