UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE AGUILERA & ELI AGUILERA,<br><br>                    Plaintiffs,<br><br>     v.<br><br>DAVID ROSENBERG & UNIFUND CCR, LLC,<br><br>                    Defendants. | No. 2:15-cv-2313-JAM-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Presently pending before the court is defendant Unifund CCR, LLC's motion to dismiss plaintiffs Michelle Aguilera and Eli Aguilera's[1] first amended complaint. (ECF No. 23.)[2] Plaintiffs opposed the motion, and defendant filed a reply brief. (ECF Nos. 24, 25.) At the March 10, 2016 hearing on the motion, plaintiffs appeared representing themselves, and Jennifer Yazdi appeared telephonically on behalf of defendant. (ECF No. 26.) After carefully considering

---

[1] Based on their use of colons and other representative terminology throughout their filings, plaintiffs appear to be adherents of some Sovereign Citizens-type movement and refer to themselves as "michelle: [House of Aguilera]" and "eli: [House of Aguilera]." (See, e.g., ECF Nos. 1, 22.) The court respectfully declines to use such fictional names, and refers to plaintiffs Michelle Aguilera and Eli Aguilera as "plaintiffs" throughout this order.

[2] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

the parties' written briefing, the oral argument, the court's record, and the applicable law, the court recommends that the motion be GRANTED without further leave to amend.

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the well-pled factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In the court's January 13, 2016 order dismissing plaintiffs' original complaint, the court outlined the above legal standards and observed:

> In this case, plaintiffs' complaint is rambling, confusing, and

> largely incomprehensible. As best the court can tell, plaintiffs allege that defendants have improperly garnished a portion of plaintiff Michelle Aguilera's wages, which purportedly amounts to various constitutional violations and other legal wrongs, but there are no intelligible factual allegations pled in support of plaintiffs' vague and conclusory claims. Indeed, a large portion of the complaint consists of a collection of definitions of various legal terms, some with doubtful relevance to the case. Beyond conclusory assertions, plaintiffs have not alleged facts that allow the court to draw the reasonable inference that the defendants are liable for any misconduct. Moreover, plaintiffs have not identified precisely what legal claims they are asserting.

(ECF No. 21 at 2-3.) Given the nature of plaintiffs' original complaint, the court had strong doubts as to whether plaintiffs would be able to amend the complaint to state a proper claim. Nevertheless, in light of plaintiffs' *pro se* status, the court gave plaintiffs the benefit of the doubt by notifying plaintiffs of the complaint's deficiencies and granting them leave to file an amended complaint. (Id.) Shortly thereafter, on January 22, 2016, plaintiffs filed the operative first amended complaint, which is challenged by defendant's pending motion. (ECF No. 22.)

The first amended complaint is again replete with references to religion, the Federalist Papers, and other legal and historical documents. To the extent that the court can comprehend plaintiffs' pleading, plaintiffs allege that defendants have improperly garnished a portion of plaintiff Michelle Aguilera's wages. Plaintiffs' claims center around two documents which are attached to the first amended complaint as Exhibit 2: a notice of garnishment upon which plaintiff Michelle Aguilera wrote "REFUSED FOR CAUSE WITHOUT DISHONOR" (ECF No. 22-1 at 15), and the documents which plaintiffs refer to as "TENDER," which are purportedly governed by "private international law" and contain a demand for debt verification along with other pseudo-legal language. (ECF No. 22-1 at 16-20.) Plaintiffs appear to allege that sending these documents to defendants created some kind of contractual duty upon defendants to perform various acts to verify the debt. (ECF No. 22 at 3.) Plaintiffs then allege that defendants failed to perform such acts, and that such failure had the legal effect of extinguishing whatever underlying debt is owed to defendants, rendering defendants' garnishment unlawful. (Id.) According to the caption of the first amended complaint, plaintiffs assert claims for "1) Breach of Contract 'Tender' and 'Cease and Desist'; 2) Invasion of Plaintiff's Rights of Property, and the Property in

Rights; 3) Invasion of Plaintiff's Enjoyment of Life; 4) Invasion of Plaintiff's Enjoyment of Liberty; 5) Invasion of Plaintiff's Right of Acquiring and Using Property; 6) Invasion of Pursuit of Obtaining Happiness; 7) Invasion of Plaintiff's Pursuit of Obtaining Security; and 8) Violation of the Constitution of the United States." (Id. at 1.)

Plaintiffs' first amended complaint again fails to even remotely allege facts that allow the court to draw the reasonable inference that the defendants are liable for any cognizable misconduct.[3] As such, it is subject to dismissal. Also, for the reasons discussed below, the court concludes that such dismissal should be without further leave to amend.

As an initial matter, plaintiffs have already been provided with notice of the deficiencies of their claims and an opportunity to amend. However, as noted above, the subsequent first amended complaint manifested little, if any, improvement upon the original complaint. Indeed, the nature and substance of that amended pleading, as well as plaintiffs' opposition to the pending motion to dismiss, strongly suggest that granting further leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Additionally, plaintiffs' representations at the hearing only confirmed the futility of further amendment. Especially in light of plaintiffs' *pro se* status, the court's primary purpose for the hearing was to clarify plaintiffs' allegations and to ascertain whether plaintiffs could possibly state a claim if given another opportunity to do so. At the hearing, plaintiffs confirmed that plaintiff Michelle Aguilera's wages had been garnished by defendants. Upon further questioning, plaintiffs revealed that the underlying debt was related to plaintiff Michelle Aguilera's Citibank credit card(s), and that defendants ultimately obtained a judgment against plaintiff Michelle Aguilera based on that debt in state court, pursuant to which the garnishment took place.[4]

---

[3] It is also unclear why plaintiff Eli Aguilera is even a named plaintiff with standing to bring any type of potential claim, given that the allegations only implicate garnishment of plaintiff Michelle Aguilera's wages.

[4] Plaintiffs' representations at the hearing appear consistent with the notice of garnishment by plaintiff Michelle Aguilera's employer, attached as an exhibit to the first amended complaint, which references a case number (FCM140005) from the Solano County Superior Court. (See ECF No. 22-1 at 15.)

Plaintiffs also indicated that they wished to challenge the validity of the underlying debt and/or defendants' standing to pursue collection of that debt. Plaintiffs acknowledged that they had notice of the state court action, but stated that they did not know how to respond or proceed at that time, and that they ultimately did not appeal the state court judgment that was entered. Although the court is sympathetic to the fact that persons untrained in the law may not always know how to pursue their legal options, this court simply has no jurisdiction to review the final judgment of a state court. Plaintiffs were required to raise any issues regarding the validity of the debt or defendants' standing to collect on the debt in the state court action. Instead, plaintiffs did not appear in the state court action, a final judgment was entered, and plaintiffs also failed to appeal that judgment to the state appellate courts. At bottom, plaintiffs' contentions and representations do not suggest that they could possibly state a cognizable claim for relief in this court.

Finally, the court also finds that compelling defendants to continue expending time and resources in responding to plaintiffs' confusing and meritless pleadings would be unduly prejudicial to defendants.

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 23) be GRANTED.
2. The first amended complaint be DISMISSED WITHOUT LEAVE TO AMEND.
3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO ORDERED that:

1. All pleading, discovery, and motion practice in this action are STAYED pending resolution of these findings and recommendations.
2. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to motions or other filings until the findings and recommendations are resolved.
3. In particular, plaintiffs shall refrain from filing any further requests for entry of default with the Clerk of Court, and the Clerk of Court is directed to refrain from entering any defaults until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  March 14, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE